## THE S. & F. CO. NO. 11.

## SAYRE & FISHER CO. v. CITY OF NEW YORK.

### No. 10362.

District Court, E. D. New York.

Jan. 31, 1930.

Forrest E. Single and William J. Mahar, both of New York City, for libelant.

Arthur J. W. Hilly, Corp. Counsel, and William J. Leonard, both of New York City, for respondent.

CAMPBELL, District Judge.

On the night of May 22d and the morning of May 23, 1926, the barge S. & F. Co. No. 11, owned by the libelant, was lying properly moored alongside the dock at Chapman's dock, Newtown creek, and at the same time a lumber barge was lying properly moored alongside the dock at Cross, Austen & Ireland's dock on the opposite side of Newtown creek.

About 11:45 o'clock p. m., on May 22, 1926, the New York City fire boat Hewitt, which docked at the foot of Noble street, Greenpoint, in response to a fire call up in Newtown creek, got under way, and a little after 12 o'clock on the morning of May 23, 1926, in going up Newtown creek, saw both of the barges aforesaid, although there were no lights on them.

The barges above described were lying just beyond a turn in the creek, and, when about 100 feet from the turn, the Hewitt slowed down.

The channel was about 125 feet wide at the point where the barges were tied up, and the barges were each 25 feet in width.

The Hewitt was 117 feet in length, and, as her officers contend, she could not, due to her length, make the turn without turning on the S. & F. Co. No. 11.

The Hewitt therefore deliberately, as her officers testify, used the S. & F. Co. No. 11 on which to turn, and, although they say that she was only drifting, I believe the captain of the S. & F. Co. No. 11 when he says that the Hewitt came into contact with her with such force as to almost knock him out of bed, and damage the S. & F. Co. No. 11.

The lookout on the Hewitt says that he was ordered to use the fender, when the Hewitt went up against the S. & F. Co. No. 11 to turn, but that he was unable so to do.

The Hewitt, not realizing the damage she had caused, proceeded to respond to the alarm, and, as he was returning, the captain of the S. & F. Co. No. 11 signalled the Hewitt, and the captain of the Hewitt boarded the barge and saw the damage.

Respondent cites Texas Co. v. City of New York (C. C. A.) 290 F. 382, as authority for relieving it of responsibility, but it does not seem to me to be in point.

The question of speed under an emergency is not the question under consideration in the instant suit, but the deliberate use of the libelant's boat as a pivot on which to turn, due to the use by the respondent of a fire boat of such length that she could not make the turn without such use of libelant's boat, and the negligence of the Hewitt in not protecting the libelant's boat from damage when so used.

The excuse for the failure of the Hewitt to use a fender, that the S. & F. Co. No. 11 was too low on the water, is without merit, in the face of the testimony of the captain of the S. & F. Co. No. 11 that she had 4 or 6 inches freeboard, which I believe.

The usual decree may be entered in favor of the libelant against the respondent, with costs.